IMG-258                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3332
_____

XIN LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____
On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-895-131)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 23, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Xin Lin, a citizen of China, entered the United States in July 2005,

without being admitted or paroled after government inspection.  As a result, Lin was

placed in removal proceedings and charged with violating 8 U.S.C. § 1182(a)(6)(A)(i)

("An alien present in the United States without being admitted or paroled . . . is

inadmissible."). To block his removal, Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin claimed that he was subjected to persecution and torture (1) when he was beaten by government officials after a failed attempt to be smuggled into the United States, and (2) based on his wife's forced sterilization. He also claimed to have a fear of future persecution because he left China illegally. At a hearing, Lin testified in support of his applications for relief.

In an opinion dated May 27, 2008, the Immigration Judge (IJ) in this case determined that Lin's claim of past persecution on account of his wife's forced sterilization failed as a matter of law under In re J-S-, 24 I. & N. Dec. 520 (A.G. 2008).[1] In addition, the IJ made adverse credibility and corroboration findings with regard to Lin's smuggling-based claim. The IJ denied Lin's applications for asylum and withholding of removal accordingly. The IJ also found Lin ineligible for CAT relief.

In a decision dated July 16, 2009, the Board of Immigration Appeals (BIA) dismissed Lin's appeal. The BIA determined that the IJ "did not err in concluding that asylum protection does not extend to [Lin] because his wife was forcibly sterilized." (J.A. at 4.) (citing Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156 (3d Cir. 2009) (en banc)). The BIA also determined that the IJ's "adverse credibility finding pertaining to [Lin's]

---

[1] At the time Lin filed his application (June 6, 2006), though, his argument stood on solid footing. See, e.g. Sun Wen Chen v. Att'y Gen., 491 F.3d 100, 105 (according Chevron deference to the BIA's determination that "forced sterilization of one spouse . . . is an act of persecution against the other spouse."), overruled by Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156 (3d Cir. 2009) (en banc).

2

allegedly twice using smugglers in order to depart China is not clearly erroneous," and it agreed with the IJ that Lin had "failed to satisfactorily explain why he did not corroborate his claim of being smuggled from China in 2003." Finally, the BIA determined that the IJ did not err in finding Lin ineligible for CAT relief. Lin's petition for review followed.[2]

In his brief, Lin does not meaningfully contest the adverse credibility and corroboration findings in this case. Nor does he contest the BIA's conclusion that his claim of past persecution based on his wife's forced sterilization is foreclosed by agency precedent and our decision in Lin-Zheng. Lin has therefore waived any challenge to these determinations. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court."); see also Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). As a result, we will not disturb the BIA's rejection of Lin's requests for asylum and withholding of removal.[3] In addition, we conclude that the BIA did not err in determining

---

[2] We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). Where the BIA defers to the IJ's reasoning in part, as it did here, we review the BIA's decision but consider the IJ's as well. See Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003).

[3] While Lin *does* claim before us that he has demonstrated personal opposition to China's coercive family planning policies, this issue was not raised before the BIA. We thus lack jurisdiction to consider it. See Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009). The mere observance by the BIA that Lin failed to raise the issue before the IJ does not present the situation where "the BIA *sua sponte* addressed and ruled on [an] unraised issue." Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008). Moreover, we reject Lin's request to "remand this case because both the BIA and the IJ failed to discuss the exceptions to a husband's asylum case when he was not sterilized"; Lin did not argue

that Lin had not been, and was not likely to be, tortured in China. Even accepting, arguendo, Lin's account of mistreatment by government officials after his failed smuggling attempt, that account does not portray the requisite severe pain or suffering necessary for obtaining CAT relief. See 8 C.F.R. § 1208.18(a)(1).

Accordingly, we will deny the petition for review.

---

to the BIA that any exceptions to the primary holding of J-S- were applicable. More importantly, if Lin believed at the time he filed his asylum application that he had been or4 would be persecuted for his alleged resistance to China's coercive family planning policy, he could have raised a claim to that effect. See, e.g., In re J-S-, 24 I. & N. Dec. at 527; Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir. 2005). We simply cannot see any good reason for Lin to have declined pursuit of that claim if it in fact had evidentiary support.

4